## STATE OF NORTH DAKOTA v. JAMES RIORDAN.

(161 N. W. 606.)

**Criminal law — courts — instructions — prejudicial.**

1. Certain instructions examined and *held* to be prejudicial.

**Criminal case — courts — instructions to jury — vital points — whole case — not included — error.**

2. Where a court gives an instruction to the jury on a point of vital importance to the defendant, in a criminal case, and in the instruction as to such point considers that point alone, and does not include consideration of the whole case and all the testimony of the case in connection with such instruction, it is *held* to be prejudicial error.

Opinion filed January 22, 1917. Rehearing denied March 3, 1917.

From an order denying motion for a new trial.

Appeal from the District Court of Eddy County, Honorable *C. W. Buttz,* Judge.

Defendant appeals.

Reversed.

*N. J. Bothne,* for appellant.

In a criminal case defendant is always and at every stage of the case presumed to be innocent until the state proves his guilt beyond a reasonable doubt, and the burden is at all times on the state and never shifts to the defendant to establish an affirmative defense. United States v.

Crow Dog, 3 Dak. 106, 14 N. W. 437; State v. Weckert, 17 S. D. 202, 95 N. W. 924, 2 Ann. Cas. 191; People v. Shanley, 49 App. Div. 56, 63 N. Y. Supp. 449; State v. Huffman, 16 Or. 15, 16 Pac. 640; State v. Chee Gong, 16 Or. 534, 19 Pac. 607; State v. Grinstead, 62 Kan. 593, 64 Pac. 49, 14 Am. Crim. Rep. 209; State v. McClellan, 23 Mont. 532, 75 Am. St. Rep. 558, 59 Pac. 924, 12 Am. Crim. Rep. 13; People v. Powell, 87 Cal. 348, 11 L.R.A. 75, 25 Pac. 481; People v. Bushton, 80 Cal. 160, 22 Pac. 127, 549; People v. Neary, 104 Cal. 373, 37 Pac. 943; People v. Scott, 123 Cal. 434, 56 Pac. 102, 11 Am. Crim. Rep. 690.

"An instruction which in substance tells the jury that the burden of proof has shifted during the trial, and that it has become incumbent on defendant to prove a certain defense, is error. People v. Tapia, 131 Cal. 647, 63 Pac. 1001; Coffin v. United States, 156 U. S. 432, 39 L. ed. 481, 15 Sup. Ct. Rep. 394; Trumble v. Territory, 3 Wyo. 280, 6 L.R.A. 384, 21 Pac. 1081; Gravely v. State, 38 Neb. 871, 57 N. W. 751; Peyton v. State, 54 Neb. 188, 74 N. W. 597, 11 Am. Crim. Rep. 47; Davis v. State, 54 Neb. 177, 74 N. W. 599; Burger v. State, 34 Neb. 397, 51 N. W. 1027; State v. Usher, 126 Iowa, 287, 102 N. W. 101; State v. Shea, 104 Iowa, 724, 74 N. W. 687; State v. Donahoe, 78 Iowa, 486, 43 N. W. 297; People v. Coughlin, 65 Mich. 704, 32 N. W. 905; Wright v. Territory, 5 Okla. 78, 47 Pac. 1069; Jeffers v. State, 20 Ohio C. C. 294, 10 Ohio C. D. 832; Hopps v. People, 31 Ill. 385, 83 Am. Dec. 231; People v. Garbutt, 17 Mich. 9, 97 Am. Dec. 162; Davis v. United States, 160 U. S. 469, 40 L. ed. 499, 16 Sup. Ct. Rep. 353; People v. Downs, 123 N. Y. 558, 25 N. E. 988; People v. Riordan, 117 N. Y. 71, 22 N. E. 455; Barton v. Territory, 10 Ariz. 68, 85 Pac. 730; State v. Conahan, 10 Wash. 268, 38 Pac. 996; State v. Earnest, 56 Kan. 31, 42 Pac. 359; Boykin v. People, 22 Colo. 496, 45 Pac. 419; State v. Bartlett, 43 N. H. 224, 80 Am. Dec. 154; Ford v. State, 73 Miss. 734, 35 L.R.A. 117, 19 So. 665; State v. Child, 40 Kan. 482, 20 Pac. 275; Schultz v. Territory, 5 Ariz. 239, 52 Pac. 352, 11 Am. Crim. Rep. 44; Ballard v. State, 19 Neb. 609, 28 N. W. 271; Crook v. State, 27 Tex. App. 198, 11 S. W. 444; Howard v. State, 50 Ind. 190; 33 Cyc. 1514; Wistrand v. People, 213 Ill. 72, 72 N. E. 748.

In cases of rape, where defendant's age is fixed by statute, the burden of proof is upon the state to prove defendant over that age. Hubert v.

State, 74 Neb. 220, 104 N. W. 276, 106 N. W. 774; Thompson v. State, 45 Tex. Crim. Rep. 190, 74 S. W. 914; McIntyre v. State, — Tex. Crim. Rep. —, 43 S. W. 104; Schramm v. People, 220 Ill. 16, 77 N. E. 117, 5 Ann. Cas. 111; Sutton v. People, 145 Ill. 279, 34 N. E. 420; State v. Hall, 164 Mo. 528, 65 S. W. 248.

"An instruction that the jury in order to find for defendant should be "satisfied" from all the evidence that the facts alleged as a defense are true, is erroneous." Rosenbaum Bros. v. Levitt, 109 Iowa, 292, 80 N. W. 393; Foley v. State, 11 Wyo. 464, 72 Pac. 629; Kelch v. State, 55 Ohio St. 146, 39 L.R.A. 737, 60 Am. St. Rep. 680, 45 N. E. 6.

Only a preponderance is necessary, and where an instruction is given that the jury must be "satisfied," it is erroneous, since it requires much more than a mere preponderance. Com. v. Colandro, 231 Pa. 343, 80 Atl. 571; Western Cottage Piano & Organ Co. v. Anderson, 45 Tex. Civ. App. 513, 101 S. W. 1065; Torrey v. Burney, 113 Ala. 496, 21 So. 351; Wilcoxin v. Com. 138 Ky. 846, 129 S. W. 310; Cleveland, C. C. & St. L. R. Co. v. Best, 169 Ill. 301, 48 N. E. 687.

The use of the words "satisfy," "satisfied," or "satisfaction" by the court in instructing the jury as to the effect of defendant's proof upon any given point, is error. San Antonio & A. P. R. Co. v. Graves, — Tex. Civ. App. —, 131 S. W. 614; Bryan v. Chicago, R. I. & P. R. Co. 63 Iowa, 464, 19 N. W. 295; Jerolman v. Chicago, G. W. R. Co. 108 Iowa, 177, 78 N. W. 855; State v. Weckert, 17 S. D. 202, 95 N. W. 924, 2 Ann. Cas. 191; Rolfe v. Rich, 149 Ill. 436, 35 N. E. 353; Williams v. State, 73 Miss. 820, 19 So. 826; Jones v. State, 84 Miss. 194, 36 So. 243; State v. Charles, 161 N. C. 286, 76 S. E. 715; People v. Phipps, 39 Cal. 335; State v. Sears, 61 N. C. (Phill. L.) 147; People v. Kernaghan, 72 Cal. 609, 14 Pac. 566; Ball v. Marquis, — Iowa, —, 92 N. W. 691; Bradwell v. Pittsburgh & W. E. Pass. R. Co. 139 Pa. 404, 20 Atl. 1046; State v. Hazlet, 16 N. D. 426, 113 N. W. 374; State v. Evans, 12 S. D. 473, 81 N. W. 893; People v. Levalie, 6 App. Div. 230, 39 N. Y. Supp. 874; Wasson v. Palmer, 13 Neb. 376, 14 N. W. 171; Howard v. State, 50 Ind. 190; McNamara v. People, 24 Colo. 102, 48 Pac. 541; Burger v. State, 34 Neb. 397, 51 N. W. 1027.

"The burden is upon the prosecution to prove that the offense was committed within the county where the venue is laid, and, if there is no

sufficient proof on this point, a conviction cannot be sustained." 12 Cyc. 382; State v. First Nat. Bank, 3 S. D. 52, 51 N. W. 780.

The *locus delicti* must be shown by the evidence to be within the juris-diction of the trial court, or else the conviction will not stand. This fact cannot be established by inference. State v. First Nat. Bank, supra; Stazey v. State, 58 Ind. 514; State v. McGinniss, 74 Mo. 245; People v. Parks, 44 Cal. 105; Larkin v. People, 61 Barb. 226; Dougherty v. People, 118 Ill. 160, 8 N. E. 673; Sedberry v. State, 14 Tex. App. 233; Walker v. State, 153 Ala. 31, 45 So. 640; Franklin v. State, 5 Baxt. 613; Kolman v. State, 124 Ga. 63, 52 S. E. 82; State v. Quaite, 20 Mo. App. 405; State v. Hartnett, 75 Mo. 251, 4 Am. Crim. Rep. 572; Com. v. Clauss, 5 Pa. Dist. R. 658, 18 Pa. Co. Ct. 381; Miles v. State, 23 Tex. App. 410, 5 S. W. 250.

*Wm. Langer,* Attorney General, *D. V. Brennan* and *H. A. Bronson,* Assistant Attorneys General, and *R. F. Rinker,* State's Attorney, and *Orville W. Duell,* Assistant State's Attorney, for respondent.

We believe defendant is correct in his theory that the burden of proof in a criminal case is never upon the defendant. But we contend that defendant has misconstrued or misunderstood the charge of the court.

"The state is not required to prove in the first instance that defendant was over the age of fourteen years when the act was committed. And where defendant sets up the defense that he was under such age when the alleged offense was committed the burden is upon him to establish that fact by evidence." 10 Enc. Ev. 580; State v. McNair, 93 N. C. 628; Peckham v. People, 32 Colo. 140, 75 Pac. 423; People v. Ah Yek, 29 Cal. 575; State v. Knighten, 39 Or. 63, 87 Am. St. Rep. 647, 64 Pac. 866; Mitchell v. People, 24 Colo. 532, 52 Pac. 671.

The court instructed the jury that "if defendant has proven to your 'satisfaction' that he was under twenty years of age at the time the act is alleged to have been committed, he should be acquitted." The defendant complains of the use by the court of the word "satisfaction." Like instructions in effect have been sustained. State v. Reed, 62 Iowa, 40, 17 N. W. 150; State v. Hemrick, 62 Iowa, 414, 17 N. W. 594; State v. Hamilton, 57 Iowa, 596, 11 N. W. 5; State v. Krewsen, 57 Iowa, 588, 11 N. W. 7; State v. Red, 53 Iowa, 69, 4 N. W. 831.

The trial court further on in its instructions made it very clear to the jury that the state must prove defendant guilty beyond a reasonable

doubt, and that if they entertained any doubt on any material point, they must give defendant the benefit of such doubt and acquit him. People v. Tarm Poi, 86 Cal. 225, 24 Pac. 998; People v. Flannelly, 128 Cal. 83, 60 Pac. 674; State v. Evans, 12 S. D. 473, 81 N. W. 893.

"It is well-settled law that venue need not be proven by direct and positive evidence. If such facts and circumstances are proven, as the reasonable and rational inference arises that the offense was committed at the place charged, the verdict of the jury will not be disturbed." Harvey v. Territory, 11 Okla. 156, 65 Pac. 837; Weinberg v. People, 208 Ill. 15, 69 N. E. 936; Weinecke v. People, 34 Neb. 14, 51 N. W. 307; Brooke v. People, 23 Colo. 375, 48 Pac. 502; State v. Kincaid, 69 Wash. 273, 124 Pac. 684; Underhill, Crim. Ev. 2d ed. pp. 59, 61; 13 Enc. Ev. 932.

The courts take judicial notice of such matters as are complained of by defendant here. State v. Fetterly, 33 Wash. 599, 74 Pac. 810; State v. Meyer, 135 Iowa, 507, 124 Am. St. Rep. 291, 113 N. W. 322, 14 Ann. Cas. 1; State v. Cantieny, 34 Minn. 1, 24 N. W. 458, 6 Am. Crim. Rep. 418; Porter v. People, 158 Ill. 370, 41 N. E. 886; Wemble v. State, 107 Ga. 666, 33 S. E. 63.

"When there is a conflict of testimony so that it is a question for the jury, the finding of the jury will not be disturbed." Peterson v. Conlan, 18 N. D. 205, 119 N. W. 367.

GRACE, J. This is an appeal from the district court of Eddy county from an order denying a motion for new trial, the order bearing date July 19, 1916. This is a criminal case involving a charge of rape, and the information duly filed in said action is as follows, to wit:

## Information.

R. F. Rinker, state's attorney in and for the county of Eddy and the state of North Dakota, in the name and by the authority of the state of North Dakota informs this court that heretofore, to wit: That on the 7th day of February, 1915, at New Rockford in said county and state the above-named defendant did commit the crime of rape committed as follows, to wit:

That at said time and place the said defendant, James Riordan, did wrongfully, unlawfully, and feloniously have sexual intercourse with Maggie Tiearney, an unmarried female under the age of eighteen years.

This contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of North Dakota.

Dated this 19th day of May, 1915.

R. F. Rinker,

State's Attorney within and for Eddy County,

North Dakota.

—to which information the appellant entered a plea of not guilty, which is as follows, to wit:

### Appellant's Plea.

Upon the above information the appellant was duly arraigned and entered a plea of not guilty, whereupon the case was tried before the court and a jury, and resulted in a verdict of conviction.

The complaining witness, Maggie Tiearney, resided in New Rockford, North Dakota, since the spring of 1914 with her folks. She became acquainted with the defendant on the 4th of July, 1914. The defendant was with the complaining witness on various occasions, but denies having any sexual intercourse with her. The defendant admits being with Maggie Tiearney, the complaining witness, on February 7, 1915, at the office of the Equity Elevator. He says that he was working for the company, and had a key to the office, and went in to fix the fire. The complaining witness testified that while in the Equity Elevator on the 7th day of February, 1915, she had sexual intercourse with the defendant and appellant herein. That said act was the main act and the one relied on by the state as constituting the crime of statutory rape. The complaining witness, Maggie Tiearney, also admits that she had sexual intercourse with another man some time prior to the time she met the defendant and appellant at the Allmaras farm in July, 1914. On the 24th day of October, 1915, the complaining witness gave birth to a child, and she testifies that the appellant was the father to this child. The defendant and appellant in his testimony denies each and every alleged act of sexual intercourse with the complaining witness. He also testified that he was born on the 25th day of July, 1895, and claims that at the time of the alleged intercourse on the 7th day of February,

1915, he was under the age of twenty years, or, in other words, was not at that time twenty years of age. Albert F. Riordan, the older brother of the appellant, testified as to the appellant's age, and testifies that he was born July 25, 1895, and states that he can remember. (See statement of case, p. 37.) Other witnesses also testified on behalf of the state on other matters, and the case was finally submitted to the jury on February 23, 1916, and the jury brought in a verdict of guilty.

Defendant and appellant then made the motion for a new trial upon the statement of the case which had been prepared and settled, which motion, as stated before, having been denied, the defendant duly prepared an appeal to this court, and appealed to this court from the order of the district court of Eddy county denying appellant's motion for a new trial. The appellant makes seventeen different assignments of error in his appeal to this court; but in the decision of this appeal we will consider only the thirteenth assignment of error, as we are of the opinion that for the purpose of this appeal the disposition of the thirteenth assignment of error will dispose of the appeal.

The information was filed against the defendant under §§ 9563 and 9567, Compiled Laws 1913, for the state of North Dakota. Appellant maintained at the time of the alleged offense on February 7, 1915, he was then under the age of twenty years. In § 9567, Compiled Laws 1913, it is provided in that act defining rape as follows: "In all other cases rape is of the second degree, but no conviction can be had in case the female is over the age of sixteen years and the male is under the age of twenty years at the time of the act of intercourse, and it appears to the satisfaction of the jury that the female was sufficiently matured and informed to understand the nature of the act, and consented thereto." If the defendant was under the age of twenty years at the time of the alleged commission of the offense on February 7, 1915, he would not be guilty of the offense charged, and would have been entitled as a matter of law to an acquittal of the crime charged in the information. The question, therefore, of whether or not the defendant was under the age of twenty at the time of the alleged commission of said crime on the 7th day of February, 1915, propounds a very important question in this case, even if it should be, as claimed by the state, only defensive matter. In order to fully comprehend the entire matter, it is advisable to revert to the scene of the trial. The trial commenced on the 21st day of February,

1915, and ended on the 23d day of February, 1915, and the case was given to the jury some time about the middle of the forenoon on February 23d, and the jury deliberated altogether about fourteen hours. After the jury had deliberated on the case for over twelve hours, without having arrived at any verdict they returned to the court room of their own volition, and proceedings of the following nature took place: One of the jurymen said to the court: "We wish to ask upon which side the burden of proof should be as to his age, the defense or the other" (meaning thereby the defendant's age). The court replied: "The burden is upon the state." It seems that after the jury, after thus having been instructed by the court, returned to their jury room. Immediately after the jury had gone back to their jury room for further deliberation after having received this additional instruction, there was some discussion among the attorneys for the state, the defendant, and the court, as to whether the burden of proof was upon the state in the matter of the age of the defendant at the time of the alleged commission of the crime charged in the information. Within a few minutes after the above first additional instruction was given, the court of its own motion recalled the jury to his presence and addressed the following and further additional instruction to them:

The court: Gentlemen of the jury: You asked me with reference to the burden of proof as to the age of the defendant, Mr. Riordan, and I said the burden of proof in that regard was also upon the state. *I was in error. I was wrong in saying that in the first instance.* The state should not be required to prove anything with reference to the young man's age. That is a matter of defense, and for him to show you, and if he has proven to your *satisfaction* that he was under twenty years of age at the time the act is alleged to have been committed, or if the proof he has offered leaves in your mind a reasonable doubt upon that subject, that matter of reasonable doubt is applicable to the matter of age as well as all other questions arising in this case. He does not have to prove himself, to prove this matter of age to your satisfaction beyond a reasonable doubt, or anything of that kind, but this matter of age is for him *to show you* and for him to *satisfy* you upon. If you are not *satisfied* that he was under the age of twenty years at that time, or, as I said before, if the evidence leaves in your mind a reasonable doubt as to whether he

was under the age of twenty years at that time, you should give him the benefit of that doubt. That is the law upon that question."

Considering the state of the jury at the time the first additional instruction was given, it will be seen that the jury had been deliberating for twelve hours, no doubt discussing back and forth the entire case, and it would seem that they had arrived at a point where the question of the defendant's age was a very important matter with them, for they voluntarily returned to the court for instructions as to the burden of proof upon that point, and when the court gave them the instruction that the burden of proof was upon the state, it seems that considering the long time the jury had been deliberating and discussing the case, the statement of the court as to the burden of proof in the first instance would have a decided effect on the minds of the jurors, favorable to the defendant. This seemed to be the main question about which they were troubled, for it is the only question about which they ask when they voluntarily came into the court room. If this be true, then the conclusion is almost irresistible that the second instruction, hereinbefore fully set forth, must have been prejudicial to the case of the defendant, especially in the way in which the same was given. It would seem that it was an improper instruction for the court to have used the following expression: "That this matter of age is for him *to show you* and for him *to satisfy you upon,* if you are not *satisfied* that he was under the age of twenty years at that time." It would appear that it was improper for the court to separate out this particular matter of age, and put the burden upon the defendant to satisfy the minds of the jurors upon that point, drawing attention to that proposition alone, and to the burden of proof and testimony on that point alone, instead of connecting that proposition and the instruction with reference thereto with the whole case and the consideration of all the testimony, as well as the consideration of the testimony of the defendant with reference to his age and all the facts and circumstances of the case. We think an instruction should be based upon a consideration of the whole case and all testimony, facts, and circumstances, including defendant's age. Then if, after such consideration, there yet remained a reasonable doubt in the minds of the jurors as to the guilt or innocence of the defendant, that in that case, they should acquit him. It was proper that an instruction concerning the burden of proof concerning defendant's age should have been given, but

only in connection with, and by at the same time assuming and considering, all the facts and circumstances, testimony, and evidence in the whole case, and by considering the whole case, including the testimony adduced by defendant as to his age. The question of the age of defendant in such last additional instruction should not have been considered alone, separately and distinctly from all the balance of the case, and all the other circumstances and facts and conditions surrounding the same, nor separate and apart from the whole case, but that the whole of said matters should be considered by the jury together, and the weight of all of them to be used in determining whether or not the defendant was innocent or guilty. State v. Hazlett, 16 N. D. 426, 113 N. W. 374.

From all the conditions that surrounded the giving of the instruction and matters raised by assignment number 13, it is an irresistible conclusion that the defendant was prejudiced by the second erroneous instruction of the trial court. Having come to this conclusion, it is not necessary to consider any of the other assignments of error; and, for the reasons herein stated, the order of the trial court overruling defendant's motion for a new trial is reversed, and the case remanded to the District Court of Eddy County, North Dakota, for a new trial.

ROBINSON, J. (dissenting). Before the argument I read and considered the record in this case, and on the argument I was well satisfied that at the time of the statutory rape the defendant was over twenty years of age. That was fairly shown by his own evidence. Until this action was commenced, he considered that he was over twenty years of age, and men do not commonly forget their own age. It is the last of all things that a man can possibly forget. The jury saw the defendant and had a right to judge of his age from his appearance, as well as from the testimony of himself and his brother. I think that a new trial might serve the purpose of the defendant by offering him a reward for swearing to what is not true.

And in regard to the charge of the court. It was in no way ambiguous in regard to the burden of proof, which is an extremely commonplace matter, and it is common talk in every criminal case. The charge concluded thus: "If the evidence leaves in your mind a reasonable doubt as to whether he was under the age of twenty years at that time, you should give him the benefit of that doubt. That is the law upon that question."

This concluding part of the charge fairly stated the law, and left the matter to the jury to consider and decide from the oral evidence and from the appearance of the defendant himself; and I think that in such a case the verdict of the jury and the decision of the trial judge denying a new trial should not be disturbed.